State of Delaware v. Peter Goldberger I'm a pinch hitter is what I am. This is Peter Goldberger's case. He's in Colorado for the birth of his first grandchild. We're told to say congratulations. Thank you. Thank you. And if Mr. Goldberger would extend our thanks to him. Good afternoon, your honors. May it please the court. I'm William Casano. I'm a Deputy Attorney General with the Delaware Department of Justice. And I represent the petitioner, the Delaware Department of Natural Resources and Environmental Control. And I request that three minutes of my time be reserved for rebuttal. Okay. Can I just ask some factual questions? Do you plan on filing any more Section 126 petitions in the future? Your honor, yes, Delaware does. I don't have specifics. But it is certainly something that the department would pursue in the future additional Section 126 petitions. Have you filed any, I think you were contemplating at one point, filing a 760482 petition in district court, or complaint in district court. Have you done so? We have not filed a complaint yet, your honor. We sent the required 60-day notice of intent to sue letters. We have a letter dated January 2nd. I believe the letter actually went out of the office, certified mail, on January 3rd. I don't have in my notes the exact date they were delivered to EPA. Okay. I have in my recollection that. Because I thought you had it until like March, yesterday, March 5th or something. Maybe I'm wrong. EPA put in their recent letter on March 5th was the date that the 60-day notice period expired. I for some reason have in my head it may have been March 10th. However, it's only a matter of a few days. Okay. So we filed the complaint shortly. And then 28 would be 56-sue. I'm assuming it was March 5th or thereabouts. Yeah, March 5th or shortly thereafter would have been the date that we can file those complaints in district court. And you say you haven't yet filed it. Today's March 6th. That's correct, your honor. But the notice letters, they're not a statute of limitation on the state to file the complaint. We have to give EPA a 60-day notice. Then we can file the complaints at any point thereafter. But in terms of the order you're appealing here, if you win, what happens? The order expired, what, August 7th, 2007? August 3rd, 2007. So if you win, what difference does it make? And why do we have jurisdiction given that? I understand. I think you're getting into the heart of EPA's mootness argument, your honor. The relief that the owner would obtain is reinstatement. Mootness and finality. Why is it a final order? Go ahead. Sure. So to answer your first question on what relief we would be able to obtain from this court still, it would be reinstatement of February 3rd, 2017, as the deadline by which EPA was required to act on the underlying section 126 petition. And the reason that still matters. But I think that has passed. So then what? Well, your honor, the deadline is still relevant. So as we explained in our briefs, and as Judge Ambrose was referring to, the Clean Air Act bifurcates judicial review between the circuit courts and the district courts. Here, as we've alleged that EPA's decision is a final agency action, those sorts of decisions are only reviewable by the circuit courts. But what decision? Their decision to give themselves more time. Yes, your honor. That's all that's happened here. They decided to give themselves more time, and then nothing happened. That's correct, your honor. So back to Judge McKee's question. What can we do for you? I'm sorry, what was that last question? How can we help you? Right. So by reinstating the February 3rd deadline, so by vacating EPA's deferral decision, that reinstates Section 126's 60-day deadline. EPA hasn't represented that their deferral decision no longer has any application. EPA is saying, well, that August 3rd deadline has come and gone, so now we can seek relief in the district courts for failing to perform the nondiscretionary duty. What EPA has not said is that Delaware can still obtain relief for EPA's failure to meet the February 3rd deadline. So the real question is, if Section 126 is 60-day deadline, does Delaware have a right to that 60-day deadline? And that's really what I believe this court can still grant. You filed your citizen's letter, though, right? Your citizen's suit, you filed that, the 126 letter, didn't you? I'm sorry? Didn't you file not one but several of the citizen's suits? No, we filed several Section 126 petitions with EPA. But you're about to file the suit. You're about to file the suit in the district court. Correct, for different relief. Relief that this court, frankly, under the statute can't grant, which is a order requiring EPA to perform the nondiscretionary duty. You could have asked for, when they gave themselves the extra six months, you could have asked for, correct me if I'm wrong, expedited review of that? Your Honor, I can't at this point dispute that I could have sought expedited review. I will say at the time, I didn't think it was necessary. I still don't think it's necessary because I still don't believe the case has been mooted by the passage of time. At one time, sir, because we don't present the good news all the time, EPA has always given themselves an additional six months to get into what seems to be an incredibly complicated evaluation they have to undertake. Yes, EPA has done it to all four Delaware Section 126 petitions. However, again, I did not think and still don't think that expedited review was necessary as the impact of EPA's deferral decision is still present. EPA is still claiming that they properly changed the deadline from February 3rd to August 3rd. I'm totally baffled. It sounds like what we're talking about here, you need, you know, Hermione Granger's time turner, it sounds like that's what you need. You want us to set the clock back so that the six months... Sort of like the Delaware General Assembly. To set back the clock so that we have time to take the expedited appeal. We're famous for that in Delaware. Did you stop at 1159? No, not exactly that we're asking to set the clock back. What we're really seeking is the Section 126 which says EPA needs to act on these petitions within 60 days. Unless they... What's that? Unless they do what? Well, EPA says unless they, well, EPA claims that they have the authority under Section 7607D10 to say we can just tack on an additional six months to that 60-day deadline without taking any other action on the petition. And that's a substance of Delaware's argument that at a minimum they have to first issue a proposed rule and start the rulemaking process specified in Section 7607D. Within the 60 days. Correct, Your Honor. So that's what you're asking us to do? Is that what you're asking us to do? In a sense, yes, Your Honor, because by vacating the deferral decision, it will show that EPA's additional six months was improper. And why that matters is the length of the delay is relevant to the relief the district court may grant in their pending citizen suit, the suit that we will file. And it is the city of New York that wrote this off. The court noted that EPA's failure to act for two years was one of the factors the court considered in that order of EPA to act on that Section 126 petition within 60 days of the court's order. Now, that was the district court. But here, with the deferral decision that EPA has granted, they're essentially saying we can give ourselves an additional 180 days, consequences-free, and we don't have to take any action on the petition. So is this a problem that's unique to the Third Circuit, or do you see this happen in other places? That goes to the menu question, Your Honor. And I do see it happening in other places. It's happened in Connecticut. However, that is Wiedel where we originally filed. So it has happened in other places. Are you talking to the right group here? I think I am, Your Honor. But Delaware did also file in the D.C. Circuit as a protective measure. But under Dalton Trucking's explanation of venue, under 7607B1, I believe it's evident now that while there's an argument being made that this is a nationally applicable decision, it's also the decision itself, the deferral to Delaware's Section 126 petition on Kahnemaw Generating Station only applies to that one Section 1. If they interpret the underlying statute as you just said, that would be a rule that would be nationally applicable. Their agency's interpretation would not just apply here in the Third Circuit, it applies everywhere. Your Honor, yes, and that's one of the reasons we also believe that the D.C. Circuit may also be an appropriate venue. However, as this case has progressed, EPA never consented to jurisdiction. Delaware's hope was in filing both, we would protect our right to judicial review of the underlying decision, prevent the possibility of our petition being dismissed and never obtaining judicial review in either circuit court. This court, immediately after we filed the petition, asked the parties to address the issues of venue and judicial review, which we did during the month of April. Why are we so abreast? How come the D.C. suit is protective and we're the ballgame? Why not let them be the ballgame and let the others be the protective suit? Well, the reason that happened, Your Honor, was again, this court issued their order on March 24th asking the parties to address venue. At that time, I had already begun addressing those courts' concerns that the D.C. Circuit had not taken any action on the petition. And that at the time that, since we had already briefed some of these preliminary issues to this court, it seemed appropriate to allow this court to continue proceeding with this matter. EPA has also never consented to venue in the D.C. Circuit. Has this plant shut down, the Kahneman plant in Pennsylvania? Has it been shut down, Your Honor? Not to my knowledge. It's still operating. It's fine then, Your Honor. Okay. Anyone else? Go ahead. You've got more time. Go ahead. Sure. So one of the other points I think that's important for the court to consider on a question of whether the deferral decision is subject to judicial review is that language in Section 7607b2 that talks about a decision to defer performance of a nondiscretionary duty to a later time is subject to judicial review pursuant to 7607b1. I think when you take to that language of the Clean Air Act that was added in 1990, it evidences Congress's intent that where a decision, such as the decision we have here, that deferred performance of a nondiscretionary duty to a later time. How do we balance D10 with B2? Well, I think that really hinges on the proper application of 76D10. I mean, D10 gives them the authority to issue those six-month extensions, right? Right, but also only if they've started the rulemaking process. If the rulemaking process hadn't been a proposal, an EPA proposed rule in response to Delaware's position, then perhaps it would be appropriate to grant an extension to continue and complete that rulemaking process. That's what I think Portland Cement holds. But here EPA hasn't started the rulemaking process. They haven't issued a proposed rule in response to the petition. All EPA has done to grant themselves is deferral. So I think that our argument is that this is the type of action that Congress expressly authorizes judicial review of. Otherwise, the deferral decision may never be subject to judicial review because, as EPA argues, if you have to wait until EPA takes action on the Section 126 petition, issues of decision on that, arguably a deferral decision at that point would be moot because EPA would now perform the action that is deferred. Thank you. Good afternoon, Your Honors. May it please the Court, my name is Heather Gange. I'm here from the Justice Department on behalf of the U.S. Environmental Protection Agency. And with me at Council table is Abhi Vijayan from the Office of General Counsel at EPA. Well, I want to thank you for introducing me. As you saw earlier, so many times someone will get to argue and there will be someone there who, having been in my firm at some point in my life, I understand, she probably did all the work on this case. Who's been introduced? Our EPA counsel helped us hugely in these cases. Are you familiar with Monty Python's Bureau of Arguments? I am not, Your Honor, but I'm sure there's a great story. It's been about 40 years, don't worry about it. If you get a chance here, Mr. Kasab, I suggest you Google Monty Python's Bureau of Arguments because I'm sitting here and we've got a order that expired in August 2007 being appealed so we can do the Hermione Granger thing and go back before 2007, assuming that we're in the right court to argue what's dead is not really dead because we can breathe life into it again. All I can think of is Monty Python. That sounds like a very apt analogy. We believe the most important issue in front of the court now is the fact that Delaware's claim, regardless of its merits, is now clearly moot. Although, isn't the argument that it's capable of repetition yet evading review? We do not believe so, Your Honor, because a claim would be so if a petitioner like Delaware does not have an opportunity to have its claim actually adjudicated in sufficient time. I think we heard Delaware acknowledge what the United States has observed in its briefs. It doesn't have a six-month extension. It's very hard to get judicial review within six months. We would point the court to, I believe, what we've mentioned before, which is under Section 705 of the APA, all they had to do was request to state and appeal and the deferral decision, if that had been granted by this court, would have been stayed, at which point Delaware could have moved immediately into the deadline, the citizen suit process, the 760482 process. They could immediately have provided us with a notice of intent letter and been in the district court 60 days thereafter. Let's just forget all the legal things for the moment. Delaware believes that there is a plant in Pennsylvania that is causing, across state lines, a violation of federal law or regulation, and it asks the EPA to do something about it, and the EPA does the extension, and years later, still nothing has been done. How do you go about getting something done if you're a state and you believe that there's a state that's violative of law or regulation? Any state could do what we've been articulating that Delaware, if they truly were that perturbed, should have done here in this case. 760482? Yes, Your Honor. As of August 3rd, they could have provided a notice of intent letter. They could have been in the district court 60 days thereafter. They could have been in court by October 3rd. One would expect that in the normal progression of these district court cases, which my Department of the Justice Department also defends, one would expect that the summary judgment process for getting a deadline would either have concluded by now or would be sufficiently planned. But again, taking my legal hat off, the obvious question is, when do you plan to act on Delaware's petition? My understanding is that the agency has actually been reviewing that response. For how long? Since the petition was submitted, they had to review that petition and the data, the statistical analyses and all of the supporting information that was provided. They initially had to review that in order to determine that they needed more than 60 days to develop a response, publish it through the Federal Register, hold a public hearing, gather public comments. The agency has been working on this petition. A particular drop-dead deadline, I don't have that to provide to you today, but I'm very sure that that is going to be the primary subject of discussion in the federal district courts when Delaware decides it might want to get around to filing it. They could have had that filed by October. Filing what? A civil suit? Yes, Your Honor. That is in fact the mechanism that Congress specified for people to expedite the resolution of their Section 126 petitions if they believe the agency is taking too long. While Delaware is standing in front of you saying that they wish to have that petition decided expeditiously with respect, their actions do not bear that out. They did not provide a notice of intent letter when they could have on October 3rd. They waited until January 2nd. They could have been in district court yesterday. They claim to have a general intent to file a suit, but they can't even explain what it is that they plan to file their complaint. There is a profound disconnect here. And truthfully, we believe that if they had wanted to expedite their case, all they needed to do at the beginning of this case was seek a state pending appeal. If they had received that, there would have been no longer any extension in place. The day they got that state awarded, they could have issued a notice of intent letter and they could have been in district court 60 days thereafter. There just is such a profound disconnect here between what they state in their arguments and what they claim to want and what they've actually done. You're now saying before us that you haven't done any final agency action, is that right? That is correct, Your Honor, for purposes of appeal before this court. But in the deferral decision, didn't it say that what you did was final agency action? It said in the Federal Register notice that the agency had in fact concluded that it needed a six month extension in order to process the Section 126 petition. That was the conclusion of the agency's decision making with respect to the need for an extension of time. We would respectfully submit that the relevant action is the Section 126 petition and not this procedural extension. Which is why we point to 7607D8 which states that procedural actions that the administrator takes subject to 7607D are not reviewable except as part of the final agency action which they were issued to further. Could there be more than one final action for appellate purposes? Could you repeat the question? Could there be more than one point of finality for appellate purposes? We would say instead that a decision that is procedural, such as this extension of time, is not final for purposes of agency review. We would also point out though that the court doesn't even need to reach that issue in this case. We're talking about an extension of time that ceased to exist on August 3rd. I have to say we're rather puzzled by the discussion that Delaware provided about reinstatement of a February 3rd deadline. No one has ever disputed that February 3rd was the original deadline for deciding the petition and it was extended to August 3rd. But the distinction of February versus August is completely meaningless at this point. They're about to, they represent obtaining the relief that they want. They're about to appear in federal district court where they can point out the date on which the agency received the petition. The amount of time that the agency has had up to that point to review the petition, the fact that the deadline was February 3rd or August 3rd has absolutely no meaning whatsoever. Should this case be here in the D.C. Circuit? If you accept counsel's representations that these sorts of issues are nationwide, should we be even discussing this here? We would say that a challenge to an extension like this should eventually be either in this court or in the D.C. Circuit at the point that they may or may not choose to challenge the ultimate decision on the Section 126 petition. Well, there's a softball you took a strike on. Doesn't the statute require that issues of national applicability go to the D.C. Circuit? We do not believe that this particular decision is one of national significance and there is no such statement in the Federal Register Notice either, which is the trigger in Section 7607. Your interpretation is going to apply more than, it's going to apply to the end of the Third Circuit though, isn't it? That issue was not before the agency when it issued this particular extension of time. They received a particular Section 126 petition. They reviewed it and they determined that they needed more than 60 days to resolve it through the full 7607D public notice of comment process. That is the scope and breadth of the decision that was in that Federal Register Notice. Now, when they finish the Section 126 process and issue a final determination on that petition, they may or may not choose to base it on determinations of national significance. If they do, then the proper venue is the D.C. Circuit. If they do not, then very likely the proper venue is here in the Third Circuit because, as everyone agrees, the Condemont facility is located in Pennsylvania. The State of Delaware was the initial petitioner and so those locations are squarely within the jurisdiction of this Court. But we don't have the relevant decision to determine which is the proper venue. But when the final 126 decision is issued, we will know which court is the proper venue and Delaware will be able to articulate its objections to the extension of time in its challenge to the Section 126 petition. My understanding is that it is. Have any changes been made there that would make the problem that Delaware is complaining about any less than it was before? I am not aware one way or the other at this point, Your Honor. I notice I have a couple more minutes. I think the one time I would leave you with after this claim is moved and the Court lacks jurisdiction to decide it and Delaware hopefully shortly will be in District Court to obtain the remedy that it actually desires. So it's not going to be denied its stay in Court with respect to how swiftly its petition should be resolved. And I think at this point we would stand in our brief with respect to the construction of 7607 D-10 if and unless the Court determined that it wished to reach that. Thank you. Thank you, Your Honor. If I may ask so why didn't you just file in the District Court to begin with? Well, Your Honor, we couldn't have filed in the District Court prior  Why appeal to us? Why not just after August 3rd just file in the District Court and say, look, they're not they're not, they're delaying we need to have something done and that would seem to be more to the point of what you're attempting to get. What ultimately I realize you want us to vacate something that was been done long ago, but wouldn't the more basic thing is folks, we're asking you to act and you haven't acted. Please act. Your Honor, that relief which, yes, Delaware is seeking and unfortunately because EPA has continued inaction, we have to now seek but that relief is different than the relief we're seeking here and the relief we're seeking here is the Section 126 60 day deadline. The EPA has to act on the petition within 60 days does that language mean something? Or can EPA relying on Section 7607D10 get a 6 month extension? Before taking any action on the underlying petition. Okay, that's an interesting legal issue, but isn't the real thing you want them is to do something about this plan in Pennsylvania? Well, yes, Your Honor, but we also want them to adhere to Section 126 this deadline. And the reason that the deferral matters still is, had EPA not granted themselves the deferral, they would be approximately 397 days overdue to perform an action on the Section 126 petition. Because the deferral decision is in place, there are only 215 days past due. And the length of the delay can be a relevant factor in the district court proceedings below and getting an order from the district court compelling EPA to perform an action and how quickly or the amount of time that the district court will specify for EPA to perform the underlying action. In the recent Connecticut decision that we submitted, the court did not accept EPA's argument that they needed a year in addition to two years that they've already delayed to complete the process. And that length of the delay that they've already missed by two years was an important factor in the district court's decision there to say, you have to do this within 60 days of our decision. You have to hold a public hearing and then issue a final decision within 60 days. So, yes, we do believe that this court vacater of the deferral decision will speed Enforcement and Clean Air Act and will speed EPA's handling of Section 126 petitions. So, is this a local matter or is this ultimately a national matter? Let's say we will in your favor. Obviously, it's just the Third Circuit, but when you go forward, which court are you supposed to be in? If you're a D.C. Circuit. Your Honor, I would prefer for it to be a D.C. Circuit in some respects because I do think it has an argument that it's nationally applicable. It's EPA's instruction and application of a nationally applicable statute. However, the actual decision is only applicable to Delaware's Section 126 petition. And it's because of the way that EPA framed the decision that they made it in the context of Delaware's specific 126 petition. I can't say that it's not also a matter of local or regional concern because the underlying decision being challenged is only applicable to Delaware's Section 126 petition. Now, again, we filed in both circuits to try to hopefully avoid delay and protracted briefing on the issue of venue, hoping also that EPA would consent to venue either in this court or the D.C. Circuit. Frankly, Your Honor, the 3rd Circuit would help Delaware. If this court ruled that EPA's application of 7607 D.10 was inappropriate, that would be applicable to future Delaware's Section 126 petition. Now, for our neighboring states, it might have been nice if the D.C. Circuit was able to make that ruling as well. But the 3rd Circuit can. We believe it should. And that will help Delaware going forward as well. Thank you. Thank you, Your Honor.